## McNULTY v. SNOOK, Warden.

(District Court, N. D. Georgia. December 21, 1926.)

1. **Criminal law ⚛⇒996(1)—Clerk's mistake in defendant's name held not to result in void sentence, but only entitles defendant to have record corrected.**

Mistake of clerk, in writing up sentence, in inadvertently leaving off defendant's given name, *held* not to result in void sentence, but simply defective record, entitling defendant only to have record corrected so as to show name properly.

2. **Criminal law ⚛⇒279—Defendant has right of trial under proper name, but must make due, proper, and timely objection by plea of misnomer.**

Defendant has right to be tried under proper name, and can insist on it by plea of misnomer at trial, but due, proper, and timely objection thereto must be made.

Habeas Corpus. Application for by Edward J. McNulty against John W. Snook, Warden. Petitioner remanded to custody of warden.

Frank A. Doughman, of Atlanta, Ga., for petitioner.

John W. Henley, Asst. U. S. Atty., of Atlanta, Ga., for respondent.

SIBLEY, District Judge. [1, 2] Along with two others the applicant was indicted under his proper name at the May term, 1923, in the Eastern District of Virginia. He admits that he, with the other two defendants, pleaded guilty. The record of the court shows that all three were thereupon sentenced; the written sentence, however, referring to one of the three as J. McNulty. Unless this be the applicant, the applicant was not sentenced at all, on the one hand, and on the other hand there was no other person to whom the reference might have been made. His testimony here is, in general, that he was not sentenced, but it is halfhearted and somewhat evasive. If he had not been sentenced at all by physical appearance before the court, and an oral pronouncement of the judgment in his presence, he has not been legally sentenced, and the proper course would be to return him to the court in order that he might be sentenced on the otherwise complete record against him. I am of opinion, however, that this is not the real truth, but that in point of fact he was duly sentenced. What has happened since could not reasonably be accounted for in any other way, either what was done by the clerk and penitentiary officials, or what was submitted to by the applicant himself. What really happened, in my opinion, is that he was duly sentenced, but that the clerk, in writing up the sentence, inadvertently left off the word "Edward" in assigning him a name. The result of this, in my opinion, is not a void sentence, but simply a defective record. The applicant had a right to be tried under his proper name, and could insist upon it by a plea of misnomer at the trial. In fact, however, it is not the name, but the person, who is prosecuted and sentenced, and a defendant, like a rose, may be dealt with under any name, provided he does not make due and proper and timely objection thereto. I am satisfied that no material injury has been done him by the clerk's omission, and, while he is doubtless entitled to have the record corrected on its own previous recital so as to show his name as it should be, I think he has no other rights under the facts involved here; that he must be considered to have served already that sentence pronounced upon him at the said term of the court, and to be now lawfully held under the sentence pronounced against him later to take effect at the end of the first named sentence. In consequence of which he is not entitled to a discharge, and will be remanded to the custody of the warden.